PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2006 Volkswagen Beetle struck a pothole while Kristen Hussell was traveling North on State Route 62 in Mason County. State Route 62 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on December 24,2008. State Route 62 is a two-lane highway at the area of the incident involved in this claim. The speed limit is fifty-five miles per hour. Kristen Hussell testified that she was driving within the speed limit near the Riverside Golf Club when her vehicle struck a pothole in the road. She was unable to avoid the pothole due to oncoming traffic. Claimant testified that she drives this road on a daily basis and was aware that there was a “rough patch” of road in this area. As a result, Claimants’ vehicle sustained damage to its front, right tire and rim totaling $506.39.
The position of the Respondent is that it did not have actual or constructive notice of the condition on State Route 62 prior to the date of this incident. Brian Herdman testified that he is currently the County Supervisor for Respondent in Mason County and, at the time of this incident, he was the Crew Supervisor for Respondent. Mr. Herdman stated that State Route 62 is a first priority route in terms of its maintenance. The DOH12s, records of Respondent’s daily work activities, indicate that Respondent’s crews had been patching potholes with cold mix on State Route 62 on the following dates: December 2,2008; December 15,2008; December 18,2008; December 23, 2008; and December 26, 2008. He stated that there is a lot of truck traffic on this road. Due to the nature of cold mix, he conjectured that the hole could have been patched on a prior occasion and the material could have come out of the hole.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent was not negligent in its maintenance of State Route 62. The DOH12s indicate that Respondent had maintained the road on a regular basis during the weeks leading up to this incident. Further, the evidence established that the Claimant knew of the condition on State Route 62 prior to this incident and that there was an opportunity for her to further reduce her speed in accordance with the road conditions. Consequently, the Court is of the opinion that Claimant was at least fifty percent negligent in this claim, and therefore the Claimants may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this *124 claim.
Claim disallowed.